UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL A. BATES,

       Petitioner,

                          CASE NO. 16-12690
v.                              HONORABLE ARTHUR J. TARNOW

TOM MACKIE,

       Respondent.
_____/

**ORDER TRANSFERRING CASE**
**TO THE WESTERN DISTRICT OF MICHIGAN**

State prisoner Daniel A. Bates, currently confined at Oaks Correctional Facility in Manistee, Michigan, recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Bates' plea-based conviction in Ingham County, Michigan for one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Bates alleges that he was sentenced to imprisonment for nine to forty years. The Michigan Court of Appeals subsequently denied leave to appeal "for lack of merit in the grounds presented," *see People v. Bates*, No. 323262 (Mich. Ct. App. Dec. 8, 2014), and on July 28, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the question presented to it. *See People v. Bates*, No. 150953 (Mich. Sup. Ct. July 28, 2015).

Bates signed and dated his habeas corpus petition on July 11, 2016, and on July 18, 2016, the Clerk of the Court filed the petition. The sole ground for relief alleges that the state court violated Bates' right to due process when the court failed to enforce the plea agreement, which allegedly included a promise to drop all other charges against Bates if he pleaded guilty to first-degree criminal sexual conduct.

The proper venue in a habeas corpus proceeding under § 2254 is the judicial district where the prisoner is in custody or where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). In a state having two or more federal judicial districts, the district court where the prisoner filed his habeas petition may, in its discretion and in the interest of justice, transfer the petition to another district for hearing and determination. *Id.*; *see also* 28 U.S.C. § 1406(a) (stating that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Bates is incarcerated in Manistee, Michigan, which is located in Manistee County. He is challenging a conviction obtained in Ingham County Circuit Court in Lansing, Michigan. Ingham and Manistee Counties lie in the Southern Division of the Western District of Michigan. 28 U.S.C. § 102(b)(1). Thus, the proper

venue for this action is the Western District of Michigan.  In the interest of justice, the Court orders the Clerk of the Court to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. §§ 1406(a) and 2241(d).

                            s/Arthur J. Tarnow
                            ARTHUR J. TARNOW
                            SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 4, 2016